No. 2-09-0185    Filed: 9-29-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 02--DT--3825 |
| MICHAEL J. GLOWACKI, | ) ) | Honorable Brian P. Hughes, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the opinion of the court:

The State appeals from the dismissal of its petition under section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 2008)) in which it sought vacation of the trial court's order setting the case of defendant, Michael J. Glowacki, for a pretrial hearing. Because the State's petition was insufficient, we affirm the dismissal.

I. BACKGROUND

On September 1, 2002, a Lake County sheriff's deputy cited defendant for driving under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 2002)). Defendant was released that day on a $20,000 personal recognizance bond with a court date of September 19, 2002.

On September 19, 2002, defendant did not appear, and the court issued notice to him that, if he did not appear within 30 days, he would forfeit his bond.

On October 24, 2002, the court entered an order that defendant had forfeited the bond; it entered judgment for $20,000 in favor of the State. That day's minute order indicated that the court also issued a warrant for defendant's arrest. The warrant was never served and neither the State nor defendant took any action until November 2007.

On November 29, 2007, defendant filed a "Motion to Set Date for Defendant to Self-Surrender."

On January 16, 2008, he filed a "Motion to Vacate Bond Forfeiture Pursuant to 735 ILCS 5/2--1401." On January 18, 2008, the court quashed the arrest warrant associated with the bond forfeiture.

The State responded to defendant's section 2--1401 petition, asserting that the bond forfeiture was in effect a final conviction. Therefore, the petition was untimely under section 2--1401(c) of the Code (735 ILCS 5/2--1401(c) (West 2008)), which, with exceptions not applicable to defendant, requires that a party file a petition within two years of the entry of the final order that the petition attacks.

On June 13, 2008, the court denied defendant's petition; no record exists of that hearing.

On July 9, 2008, defendant moved to reconsider. He argued that the trial court had erred in ruling that it lacked jurisdiction to set a pretrial date.

A bystander's report shows that, on October 29, 2008, the court heard defendant's motion to reconsider and, as a result, set a January 20, 2009, pretrial date. A March 26, 2009, order that the court made nunc pro tunc to October 29, 2008, stated that defendant's motion to reconsider was denied to the extent that it sought vacation of the bond forfeiture but was granted to the extent that

it requested the setting of a pretrial date. In other words, it decided that the bond forfeiture was final but that no final conviction existed.

On January 15, 2008, the State filed a petition under section 2--1401 seeking to vacate the October 29, 2008, order setting a pretrial date. The State argued that, because the two-year period for filing a section 2--1401 petition had passed, the court had lacked jurisdiction to hear defendant's petition. It also argued that defendant had failed to properly support his petition with affidavits. However, it did not explain why it had waited more than 30 days to challenge the court's order. In other words, the State failed to allege due diligence in presenting its defense in the original action and due diligence in filing its section 2--1401 petition.

On January 20, 2009, the court dismissed the State's section 2--1401 petition, reasoning that, although the bond forfeiture might be final as to the money judgment, no final criminal conviction had entered. The State promptly appealed.

## II. ANALYSIS

On appeal, the State argues that the bond forfeiture did amount to a final DUI conviction and that, therefore, the trial court erred in granting defendant a trial for DUI. The State also asserts that a section 2--1401 petition was a proper means to attack the October 29, 2008, order setting the pretrial hearing. It argues that, because defendant's section 2--1401 petition was untimely, the trial court lacked <u>jurisdiction</u> to consider it. The State argues:

> "The People know of no rule that would revest the circuit court with jurisdiction to reopen a traffic conviction five years after the entry of the bond forfeiture judgment.
> ***

Here, the trial court's jurisdiction was limited to considering the defendant's petition for relief from judgment under section 2--1401***. 735 ILCS 5/2--1401. However, once the court denied the petition because it presented no facts that could have extended the limitations period, it had no jurisdiction to consider the underlying conviction. *** 735 ILCS 5/2--1401(c). The court recognized that it lacked jurisdiction when it initially denied the defendant's motion to set a trial date***, but it changed its position when it granted defendant's motion to set a pretrial date."

Regardless of whether the bond forfeiture in 2002 was, as the State claims, a final conviction, the State's petition fails. On one hand, if the forfeiture was not the equivalent of a final conviction, then the trial court did not err in setting the matter for pretrial. On that assumption, the State's petition fails on its merits. On the other hand, even if the forfeiture did amount to a final conviction, the State's petition still was insufficient.

Generally:

"To be entitled to relief under section 2--1401, the petitioner must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2--1401 petition for relief." Smith v. Airoom, Inc., 114 Ill. 2d 209, 220-21 (1986).

The State did not attempt to set forth either of the diligence elements; instead it relied on an exception to the diligence requirements. Specifically, the State argues that the court's order was void and that diligence thus was unnecessary, as a party can use a section 2--1401 petition to challenge

a void order, regardless of its diligence in the matter. See Sarkissian v. Chicago Board of Education, 201 Ill. 2d 95, 104 (2002).

An order is void only if the court that entered it lacked jurisdiction. People v. Davis, 156 Ill. 2d 149, 155 (1993). Thus, as the trial court clearly had personal jurisdiction over the parties, the issue is whether it had subject matter jurisdiction to grant defendant's section 2--1401 petition. The State asserts that the two-year time limit for filing section 2--1401 petitions (see 735 ILCS 5/2--1401(c) (West 2008)) is jurisdictional and that, therefore, the court lacked jurisdiction to grant defendant's late petition. That assertion is absolutely incorrect.

In Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 199 Ill. 2d 325, 333 (2002), which neither party here cites, a party argued that a trial court had exceeded its jurisdiction by entering a statutorily time-barred judgment. The supreme court held that a trial court's jurisdiction is derived from the constitution and is not subject to such statutory limitations. Belleville Toyota, 199 Ill. 2d at 338-41.[1] Under this rule, most void judgments occur when the trial court lacks personal jurisdiction; failures of subject matter jurisdiction are unusual. The State relies on section 2--1401(c) as the source of the alleged jurisdictional failure. This is exactly the kind of statutory limitation addressed by the supreme court in Belleville Toyota.

As the Belleville Toyota court stated:

" '[S]ubject matter jurisdiction' refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs. [Citations.] With the

---

[1]Even before Belleville Toyota, courts had long recognized that, as a result of section 2--1401's origins in common law, its limitations period was nonjurisdictional. E.g., People v. Ross, 191 Ill. App. 3d 1046, 1053 (1989).

exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution. *** Thus, in order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case, as framed by the complaint or petition, must present a justiciable matter. [Citations.]

*** [A] 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite or concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse interests." Belleville Toyota, 199 Ill. 2d at 334-35.

Some case law suggests that the legislature, in defining a new justiciable matter, may impose "conditions precedent" to the court's exercise of jurisdiction that cannot be waived. See In re Marriage of Fields, 288 Ill. App. 3d 1053, 1057 (1997). However, the Belleville Toyota court necessarily rejected this view as contrary to article VI of the Illinois Constitution, which states that, except in the area of administrative review, the jurisdiction of the circuit court flows from the constitution. Belleville Toyota, 199 Ill. 2d at 335-36, citing Ill. Const. 1970, art. VI, §9.

On the assumption that the forfeiture amounted to a conviction, defendant's filing of a section 2--1401 petition gave the court jurisdiction to reopen that judgment. Any error by the court in evaluating the petition--including its timeliness--did not affect the court's jurisdiction over the subject matter. See Davis, 156 Ill. 2d at 156 (a court does "not lose jurisdiction because it makes a mistake in determining either the facts, the law or both"). As an aside, the State seems to suggest that the court's initial ruling--that the petition was too late--divested the court of jurisdiction to reconsider that ruling. The State has not supported that theory of jurisdiction by any citation to

authority; we know of no authority that would support such a theory. We therefore reject this argument.

In sum, the trial court derived its subject matter jurisdiction from the Illinois Constitution, not the legislature. Thus, the trial court had the authority to hear and rule on defendant's section 2--1401 petition. To the extent that the State's section 2--1401 petition erroneously relied on a voidness argument to excuse its failure to allege diligence, said error was fatal and the petition was properly dismissed.

### III. CONCLUSION

For the reasons stated, we affirm the order of the trial court dismissing the State's petition under section 2--1401.

Affirmed.

O'MALLEY and HUDSON, JJ., concur.