# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Taylor, 2013 IL App (2d) 110577**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES M. TAYLOR, Defendant-Appellant.–THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUIS A. MORENO, Defendant-Appellant. |
| District & No. | Second District<br>Docket Nos. 2-11-0577, 2-11-0582 cons. |
| Filed | February 21, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In consolidated cases where defendants were charged with driving while their licenses were revoked and released on bond, only to having judgments of bond forfeiture entered when they failed to appear for subsequent court appearances, the trial court properly denied their motions to dismiss the prosecution of charges on ground that the prohibition of double jeopardy would be violated, since the bond forfeitures did not constitute convictions for purposes of double jeopardy. |
| Decision Under Review | Appeal from the Circuit Court of Boone County, Nos. 08-TR-5334, 08-CF-427, 06-TR-13159, 07-CF-17; the Hon. John H. Young, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Thomas A. Lilien and Sherry R. Silvern, both of State Appellate Defender's Office, of Elgin, for appellant. |
|---|---|
| | Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Matthew J. Schmidt, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. Presiding Justice Burke and Justice Hutchinson concurred in the judgment and opinion. |

**OPINION**

¶ 1    The above-captioned, unrelated cases were consolidated for decision because they involve the same issue. Defendants, Charles M. Taylor and Luis A. Moreno, were charged by uniform traffic citations with driving while their licenses were revoked (625 ILCS 5/6-303 (West 2008)) and by indictments with aggravated driving while their licences were revoked (625 ILCS 5/11-501 (West 2008)). Because defendants failed to appear for court proceedings, the trial court entered judgments of bond forfeiture as to both defendants. The trial court denied defendants' motions to dismiss their charges. On appeal, defendants argue that the trial court erred by denying their motions to dismiss, because the bond forfeiture judgments constitute convictions for purposes of double jeopardy. We affirm.

¶ 2    I. BACKGROUND

¶ 3    A. Taylor

¶ 4    On May 6, 2006, Taylor was charged, by an Illinois State Police citation and complaint, with driving while his license was revoked. The traffic offense was assigned case number 08-TR-5334. Taylor posted bail on the same day. The citation states that Taylor was warned about the "plate light" and that his license had been previously revoked, on February 24, 2006.

¶ 5    On September 9, 2008, the State charged Taylor by indictment with aggravated driving while his license was revoked. The indictment alleged that Taylor drove on May 6, 2006, at a time that his license had previously been revoked for driving under the influence, and that Taylor committed the offense of driving while his license was revoked or suspended on at least nine prior occasions. The case was assigned number 08-CF-427.

¶ 6    Taylor failed to appear for court proceedings on November 19 and December 3 and 17, 2008, and July 10, 2009. On July 15, 2009, the trial court granted the State's request for bond

forfeiture in the amount of $5,000 and issued a bench warrant. Notice of the bond forfeiture was sent to Taylor on or about July 15, informing Taylor that if he did not surrender to the court on or before August 14, 2009, "judgment in the amount of your bond will be entered against you." Also, on July 15, an arrest warrant issued for Taylor. On July 20, defense counsel filed notice of a motion to vacate the bond forfeiture and the bench warrant, to be heard on July 22. On July 22, Taylor failed to appear and the trial court denied the motion to vacate. A bail form dated August 7, 2009, directed Taylor to appear in court on August 28.

¶ 7 On August 28, Taylor failed to appear. The trial court ordered his bond forfeited and an arrest warrant issued for Taylor. Notice of the bond forfeiture was sent to Taylor and he was ordered to appear on or before October 9, 2009. On that date, Taylor failed to appear and the trial court entered judgment on the bond forfeiture. The judgment lists both case numbers 08-CF-427 and 08-TR-5334.

¶ 8 On October 27, 2009, Taylor was served with an arrest warrant bearing both case numbers. On November 4, the trial court reinstated his bond. Taylor posted bail and was ordered to appear on January 20, 2010. Taylor appeared on that date, but he failed to appear on April 9, 2010. The trial court ordered that his bond be forfeited and an arrest warrant issued.

¶ 9 The record indicates that, on or about April 13, 2010, notice was sent to Taylor stating:

"You are hereby notified that an Order was entered in the above captioned cause on April 9, 2010 forfeiting your bond in the amount of $5,000. If you do not surrender to the Court on or before the date and time mentioned at the top of this notice [May 12, 2010], judgment in the amount of your bond will be entered against you."

¶ 10 On May 12, 2010, the trial court entered judgment finalizing the bond forfeiture. Taylor was served with an arrest warrant that ordered him to appear on June 18, 2010. Taylor's motion to reinstate his bond was denied on July 14, 2010. Taylor posted bail and was ordered to appear on August 6, 2010. On December 3, 2010, Taylor waived his right to a jury trial on both charges.

¶ 11 On February 18, 2011, Taylor filed a motion to dismiss pursuant to section 114-1(a)(2) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114-1(a)(2) (West 2010)) both of the charges against him. Taylor alleged that notice of the bond forfeiture was sent to the Secretary of State. Taylor alleged that, when judgment was entered finalizing the bond forfeiture, Taylor was convicted of both offenses. Taylor thus alleged that prosecutions for the offenses were barred by the double jeopardy clauses of the United States and Illinois Constitutions and sections 3-4(a) and (b) of the Criminal Code of 1961 (Code) (720 ILCS 5/3-4(a), (b) (West 2010)).

¶ 12 B. Moreno

¶ 13 On November 15, 2006, Moreno was charged by an Illinois State Police citation and complaint with driving while his license was revoked; his license was previously revoked and suspended, in 2005 and 2002, respectively. The traffic offense was issued case number 06-TR-13159. Moreno posted bail and, per the bond form, was ordered to appear in court on December 22, 2006.

¶ 14 On December 22, Moreno failed to appear and the trial court issued an arrest warrant and ordered that his bond be forfeited. The record indicates that notice was sent to Moreno stating:

"You are hereby notified that an Order was entered in the above captioned cause on December 22, 2006 forfeiting your bond in the amount of $1,000. If you do not surrender to the Court on or before the date and time mentioned at the top of this notice [February 9, 2007], judgment in the amount of your bond will be entered against you."

¶ 15 On January 3, 2007, the trial court issued a second arrest warrant for Moreno. On January 11, 2007, the State charged Moreno, by indictment, with aggravated driving while his license was revoked in that, on November 15, 2006, he drove at a time when his driving privileges were revoked for driving under the influence and had been previously convicted of driving while his license was revoked, in 1998. This felony offense was assigned case number 07-CF-17.

¶ 16 On February 9, 2007, the trial court entered judgment on the bond forfeiture in case number 06-TR-13159. On January 9, 2008, an arrest warrant was issued in case number 07-CF-17. On October 11, 2008, Moreno posted bail on a Cook County matter. On October 24, 2008, Moreno was arraigned in the present cases.

¶ 17 On November 17, 2008, Moreno filed a motion to quash his arrest. On August 9, 2010, following a hearing, the trial court denied Moreno's motion to quash his arrest. His motion to reconsider was denied on September 22, 2010.

¶ 18 On February 4, 2011, Moreno filed a motion to dismiss pursuant to section 114-1(a)(2) of the Code of Criminal Procedure both of the charges against him. Moreno alleged that notice of the bond forfeiture was sent to the Secretary of State and that he was convicted of driving while his license was revoked. Moreno thus alleged that prosecutions for the offenses were barred by the double jeopardy clauses of the United States and Illinois Constitutions and sections 3-4(a) and (b) of the Criminal Code.

¶ 19 On April 27, 2011, the trial court denied defendants' motions to dismiss. Defendants filed motions to reconsider the following day. On June 15, 2011, the trial court denied defendants' motion to reconsider. Defendants filed notices of appeal on June 28, 2011.

¶ 20                                    II. ANALYSIS

¶ 21 On appeal, defendants argue that the trial court erred by denying their motions to dismiss the charges, because the bond forfeitures constitute convictions for purposes of double jeopardy.

¶ 22 Generally, we review a trial court's decision on a motion to dismiss charges on double jeopardy grounds for an abuse of discretion. See *People v. Dunnavan*, 381 Ill. App. 3d 514, 517 (2008). However, where no factual determinations are involved in the trial court's decision, a purely legal question is presented and we review the trial court's decision *de novo*. See *id.* Here, the issue is purely a legal question and we will review the trial court's judgments *de novo*.

¶ 23 The prohibition against double jeopardy is of both constitutional (U.S. Const., amends.

V, XIV; Ill. Const. 1970, art. I, § 10) and statutory dimension (720 ILCS 5/3-4(a)(1) (West 2010)). The prohibition against double jeopardy protects citizens against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *People v. Sienkiewicz*, 208 Ill. 2d 1, 4 (2003).

¶ 24    Defendants argue that their cases implicate the second and third prohibitions in that the judgments on their bond forfeitures constitute convictions and punishments under the principles of double jeopardy.

¶ 25    The bond forfeitures in these cases are normally deemed civil in nature. Statutory authority for forfeiture is found in section 110-7(g) of the Code of Criminal Procedure (725 ILCS 5/110-7(g) (West 2010)), which provides:

> "(g) If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of such order of forfeiture shall be mailed forthwith to the accused at his last known address. If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the court shall enter judgment for the State if the charge for which the bond was given was a felony or misdemeanor ***. *** The balance of the judgment may be enforced and collected in the same manner as a judgment entered in a civil action."

See also Ill. S. Ct. R. 556 (eff. Jan. 1, 2004).[1]

¶ 26    It is well established that a bond forfeiture judgment under section 110-7(g) is a civil judgment. *People v. Bruce*, 75 Ill. App. 3d 1042, 1044 (1979). Upon entry of a bond forfeiture judgment, the obligation of the defendant becomes a debt of record as a civil liability. *People v. Arron*, 15 Ill. App. 3d 645, 648 (1973). The Illinois Supreme Court has stated that section 110-7(g) "provides the means by which the State can acquire a money judgment against a defendant who violates the provisions of his bail bond by failing to appear in court." *People v. Ratliff*, 65 Ill. 2d 314, 318 (1976). The court explained that a bond forfeiture judgment under section 110-7(g) was separate and distinct from the criminal offense of violation of a bail bond pursuant to section 32-10 of the Criminal Code (now 720 ILCS 5/32-10 (2010)).

¶ 27    Further, after reviewing section 110-7(g), this court previously held that the essence of

---

[1]Similarly, Illinois Supreme Court Rule 556(c) provides, in relevant part:
"If a defendant fails to appear on the date set for appearance, or any date to which the case may be continued, and a court appearance is required, the court shall enter an order declaring the bail to be forfeited and continue the case for a minimum of 30 days. Notice of such order of forfeiture shall be mailed forthwith to the accused at his last known address. If the accused does not appear on the continued court date or, within that period, satisfy the court that his appearance is impossible and without any fault on his part, the court shall enter judgment in accordance with sections 110-7 and 110-8 of the Code of Criminal Procedure of 1963, as amended (725 ILCS 5/110-7, 110-8)." Ill. S. Ct. R. 556(c) (eff. Jan. 1, 2004).

a bond forfeiture "proceeding is the entry of a civil judgment on a bond." *People v. Montaigne*, 86 Ill. App. 3d 220, 222 (1980). When interpreting an earlier version of the section, we held that the Civil Practice Act "applied and furnish[ed] the procedure for setting aside a final judgment of bond forfeiture." *People v. Canaccini*, 52 Ill. App. 3d 811, 814 (1977). Because defendants' bond forfeiture judgments are civil, such judgments do not constitute criminal convictions under the second principle of double jeopardy (a second prosecution for the same offense after conviction). Accordingly, the trial court properly denied defendants' motions to dismiss on this basis.

¶ 28    Defendants cite *People v. Glowacki*, 404 Ill. App. 3d 169 (2010), and *People v. Smith*, 345 Ill. App. 3d 179 (2004), to support their argument.

¶ 29    In *Glowacki*, the defendant was cited for driving under the influence (DUI). When the defendant failed to appear, the trial court entered an order that the defendant had forfeited his bond. *Glowacki*, 404 Ill. App. 3d at 170. Over five years later, the defendant filed a petition to vacate the forfeiture order, pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)). *Glowacki*, 404 Ill. App. 3d at 170. The trial court denied the defendant's petition to vacate the forfeiture order but set a pretrial date on the DUI charge. *Id.* Pursuant to section 2-1401 of the Code of Civil Procedure the State filed a petition to vacate the order as to the setting of a pretrial date on the DUI charge. *Id.* The trial court dismissed the State's petition to vacate. *Id.* at 171. On appeal, the State argued that the bond forfeiture constituted a final DUI conviction and that the trial court lacked jurisdiction to consider the defendant's petition to vacate, because it was untimely. *Id.* This court affirmed, without addressing whether the bond forfeiture order constituted a DUI conviction. *Id.* We explained that the trial court had jurisdiction to hear and rule upon the defendant's petition to vacate and that the trial court's order was not void as the State had argued. *Id.* at 173. We further explained that the trial court properly dismissed the State's petition to vacate because the State failed to allege diligence. *Id.* Because we did not address whether a bond forfeiture order constitutes a final conviction of an underlying offense, *Glowacki* is not applicable to the cases at bar.

¶ 30    In *Smith*, this court held that convictions of driving while a license is revoked and DUI could be *enhanced* based on prior DUI convictions that resulted from bond forfeitures. *Smith*, 345 Ill. App. 3d at 186, 188-89. *Smith* did not consider whether a bond forfeiture judgment under section 110-7(g) equals a conviction or punishment for purposes of double jeopardy, as defendants contend in this case. *Smith* held only that a bond forfeiture conviction can be used to *enhance a sentence*. *Id.* That is all *Smith* held. Thus, *Smith* is both factually and contextually distinguishable from these cases.

¶ 31    Defendants also argue that, "[b]ecause the judgment on a bond forfeiture in a traffic-offense situation constitutes a conviction and is *punishment*, under principles of double jeopardy, a defendant cannot be twice convicted or *punished* for the same offense." (Emphasis added.) However, defendants fail to mention specifically what this punishment is. Defendants also fail to develop this argument and fail to cite to relevant authority. For these reasons, defendants have forfeited this issue. See Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008); *People v. Haissig*, 2012 IL App (2d) 110726, ¶ 17.

¶32 However, we believe the only thing that might be deemed punishment is the enhancement of future punishments. We agree with prior case law that enhancement of a future punishment not based upon the transaction upon which the bond forfeiture arose is not punishment. The enhancement of a sentence for a subsequent conviction is not punishment for purposes of double jeopardy. See *United States v. Hawley*, 93 F.3d 682 (10th Cir. 1996).

¶33 In *Hawley*, the district court forfeited the defendant's $50,000 bond because the defendant failed to appear for his arraignment while released on bond. *Id.* at 685. After the defendant was recaptured he pleaded guilty. *Id.* During sentencing the court enhanced the defendant's offense level for obstruction of justice, because of his failure to appear. *Id.* at 686. On appeal, the defendant argued that the bond forfeiture and offense enhancement constituted multiple punishments for the same conduct and thus violated the double jeopardy clause. *Id.* The court of appeals held that the bond forfeiture was a remedial civil penalty and not punishment for purposes of double jeopardy. *Id.* at 687-88. Accordingly, here, the judgments on the bond forfeitures do not constitute punishment for purposes of double jeopardy.

## III. CONCLUSION

¶34

¶35 For these reasons, the judgments of the circuit court of Boone County are affirmed.

¶36 Affirmed.