2024 IL App (2d) 230598-U
No. 2-23-0598
Order filed February 15, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-691 |
| JORDAN J. WASHINGTON | ) ) | Honorable Joseph C. Pedersen |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE KENNEDY delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in denying defendant pretrial release where defendant was a convicted felon and admitted to police that a firearm recovered during a traffic stop belonged to him, there was nothing in the record to indicate use of a K-9 unit during the traffic stop violated defendant's rights against unreasonable searches and seizures, defendant's prior criminal history of aggravated domestic battery and aggravated battery of a peace officer supported the trial court's finding of dangerousness, and the fact defendant had been arrested and charged with felonies on three separate occasions while on probation demonstrated defendant would not comply with less restrictive conditions.

¶ 1   Defendant, Jordan J. Washington, appeals from the denial of his pretrial release under

section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West

2022)). The Office of the State Appellate Defender declined to file a memorandum pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), and defendant stands on his notice of appeal. For the following reasons, we affirm.

¶ 2 On December 15, 2023, defendant was charged by complaint with two counts of aggravated unlawful use of a weapon (no concealed carry license or FOID card) (720 ILCS 5/24-1.6(a)(3)(a-5), (c) (West 2022)), two counts of unlawful possession of a firearm by a felon (*id.* § 24-1.1(a)), unlawful possession of ammunition by a felon (*id.*), obstructing identification (*id.* § 31-4.5(a)), and possession of adult use cannabis in a motor vehicle (625 ILCS 5/11-502.15 (West 2022)). That same day, the State filed a verified petition to deny defendant pretrial release, and a hearing was held. At that hearing, in addition to the petition to deny pretrial release in the instant case, the trial court simultaneously heard argument on the State's petition to deny pretrial release in case No. 21-CF-339, where defendant was charged with aggravated domestic battery and two counts of domestic battery relating to an incident in which defendant allegedly strangled the mother of his child. After hearing argument, the trial court entered a single written order for both cases denying defendant pretrial release.

¶ 3 Defendant's notice of appeal lists only case No. 23-CF-691 and there is no indication that defendant filed a separate notice of appeal in case No. 21-CF-339.

¶ 4 Defendant argues in his notice of appeal that the State failed to show by clear and convincing evidence that (1) the proof was evident or presumption great that defendant committed the charged offenses because the State only offered the police synopsis into evidence, and that the synopsis did "not establish any reasonable suspicion or probable cause for the 'free air sniff' of the vehicle" by a K-9 unit which led to the subsequent search of the vehicle; (2) defendant poses a real and present threat to the safety of any person persons or the community, because the State

merely raised defendant's criminal history and there were no allegations that defendant made any threats to a specific person, threatened anyone with the firearm, or brandished the firearm; (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, because the State failed to show that defendant could not comply with electronic home monitoring, no contact orders, or other conditions; and (4) no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor.

¶ 5     In short, defendant's first three arguments perfunctorily challenge all three findings required to deny a defendant pretrial release (725 ILCS 5/110-6.1(e)(1-3) (West 2022)); whereas defendant's fourth argument relates to the findings required for revoking pretrial release (*id.* § 110-6(a)). Defendant declined to file a memorandum, and thus the issues on appeal and arguments in support are limited to the notice of appeal. We therefore review only those issues based on the record presented. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13.

¶ 6     We review whether the trial court's findings were against the manifest weight of the evidence. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is against the manifest weight of the evidence when it is unreasonable. *People v. Sims*, 2022 IL App (2d) 200391, ¶ 72. We review the trial court's ultimate decision regarding pretrial release for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 7     To begin, we reject defendant's argument that a synopsis is insufficient to demonstrate that the proof is evident or presumption great that defendant committed the charged offenses. At a pretrial detention hearing, the State is explicitly permitted by the Act to present evidence "by way of proffer based upon reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2022). Indeed, the

Act additionally exempts detention hearings from the rules of evidence. *Id.* § 6.1(f)(5). Without explaining why this police synopsis is not "reliable" counsel's notice of appeal simply argues "[t]he State merely argued that the written [synopsis] in the case was sufficient evidence." This bare conclusory argument is patently without merit. We remind defense counsel of their responsibility under Rule 3.1 of the Illinois Rules of Professional Conduct of 2010 to refrain from bringing frivolous claims.

¶ 8    The evidence in the synopsis was more than sufficient to show by clear and convincing evidence that the proof was evident or presumption great that defendant committed the charged offenses. According to the synopsis, officers pulled over a vehicle for failing to come to a complete stop at a four-way intersection. Defendant was in the passenger seat, and identified himself as Paul Washington. The officers reviewed a photograph of Paul and determined that defendant was not Paul. The officers requested a K-9 unit stop and conduct a free-air-sniff of the vehicle. The K-9 alerted to the smell of narcotics in the vehicle. The officers asked defendant and the driver to exit the vehicle. As the driver exited the vehicle, one of the officers could smell burnt cannabis emanating from the vehicle. A search of the vehicle located a "Glock 22 handgun" loaded with an extended magazine holding 20 rounds under the vehicle's passenger seat, as well as a cannabis vape in the passenger seat area. Defendant admitted the firearm belonged to him. Defendant also advised officers that he had warrants for his arrest, and it was determined that defendant had arrest warrants from De Kalb, Kane, and La Salle counties.

¶ 9    As for defendant's argument regarding probable cause for the free-air-sniff, defendant did not raise this issue before the trial court, and does not provide any authority in support of his argument in his notice of appeal, or otherwise explain why the officers did not have probable cause. Issues not raised in the trial court are generally forfeited and may not be raised for the first time

on appeal. *People v. McCavitt*, 2021 IL 125550, ¶ 86. Further, while we recognize that Illinois Supreme Court Rule 604(h)(2) contemplates that an appeal from a pretrial detention hearing may be resolved solely upon the arguments presented in the notice of appeal, and it has been our experience thus far that most defendant's choose to stand solely upon their notice of appeal rather than filing a memorandum, this does not absolve counsel from their obligation to sufficiently develop their arguments and to support them with relevant authority when applicable. " 'A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository in which the appealing party may dump the burden of argument and research.' " *In re Marriage of Baumgartner*, 237 Ill. 2d 468, 474-75, (2010) (quoting *Pecora v. Szabo*, 109 Ill. App. 3d 824, 825-26 (1982)). Likewise, it is not our role to act as an advocate for defendants, searching out authority to support their claims. See *People v. Givens*, 237 Ill. 2d 311, 325 (2010) (reviewing courts should refrain from addressing unbriefed issues as it risks transforming the court from the role of a jurist to an advocate).

¶ 10 Most of the challenges to orders for pretrial detention we have seen thus far have challenged the sufficiency of the evidence underpinning the trial court's order, which is often limited to a police synopsis, pretrial risk assessment, and defendant's criminal history. In these instances a discussion of the evidence without citation to further authority may be appropriate. However, where defendant's argument addresses an area of law for which there is pertinent authority, such as whether probable cause exists or was necessary for having a drug sniffing dog inspect the exterior of a vehicle, counsel should either include that authority in the notice of appeal or file a memorandum of law expanding their argument with appropriate citations, as the failure to develop an argument or support it with relevant citations to authority risks forfeiting the claim. *People v. Taylor*, 2013 IL App (2d) 110577, ¶ 31.

2024 IL App (2d) 230598-U

¶ 11 Forfeiture aside, the use of a drug sniffing dog on the exterior of a vehicle during a lawful traffic stop will generally not implicate a suspect's fourth amendment rights, unless the traffic stop is prolonged beyond the time reasonably required to conduct the stop. *Illinois v. Caballes*, 543 U.S. 405, 407-09 (2005). There is nothing in the limited record to suggest the traffic stop was unnecessarily prolonged. Further, officers had already determined that defendant had provided them with a false identification, prior to requesting the K-9 unit. Accordingly, defendant's argument fails.

¶ 12 Regarding dangerousness, the court reasonably found that several of the dangerousness factors from section 6.1(g) of the Code (725 ILCS 5/110-6.1(g) (West 2022)) were present in the instant case. Notably, (1) the crime involved a weapon; (2) defendant's criminal history was indicative of violent, abusive, and assaultive behavior, including a 2020 conviction for aggravated domestic battery strangulation (for which he was on probation at the time of arrest in the instant case and case No. 21-CF-339) and 2015 convictions for aggravated battery of a peace officer and domestic battery; (3) defendant posed a threat to the victim in case No. 21-CF-339, who was the mother of his child; (4) defendant admitted that the firearm belonged to him; (5) defendant was in possession of a handgun with an extended magazine; and (6) defendant was on probation at the time of the offenses in the instant case, case No. 21-CF-339, and in a third case where he was charged with aggravated driving under the influence of alcohol. The fact that defendant may not have threatened anyone with the firearm recovered in the instant case does little to offset these other factors. Accordingly, the trial court's determination that defendant posed a real and present threat to the safety of any person or persons or the community was not against the manifest weight of the evidence.

¶ 13    Regarding less restrictive conditions, defendant has been charged with felonies in three separate cases while on probation for his 2020 aggravated domestic battery conviction. Further, at the time of his arrest, defendant had warrants from three counties, including failure to appear in the 2020 aggravated domestic battery case. As such, we find that the trial court did not err in finding that no conditions could mitigate the real and present threat defendant posed to the safety of the victim and the community.

¶ 14    As for defendant's arguments regarding whether there existed a condition or combination of conditions which would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor, this standard is only applicable to a petition to revoke under section 110-6 of the Code (725 ILCS 5/110-6) (West 2022)) and has no bearing on the instant appeal.

¶ 15    For these reasons, the trial court did not err in denying defendant pretrial release and we affirm the judgment of the De Kalb County circuit court.

¶ 16    Affirmed.