THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ENZO CANACCINI, Defendant-Appellee.

Second District   No. 76-376

Opinion filed September 28, 1977.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko, Barbara A. Preiner, and Stephen W. Deitsch, all of Illinois State's Attorneys Association, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

This appeal by the People questions the right of the trial court to vacate its judgment forfeiting bail (Ill. Rev. Stat. 1975, ch. 38, par. 110—7(g)) more than 30 days after its entry.

■■ The defendant has not appeared in this court nor filed a brief. However, we review pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128 (1976).

The defendant posted 10% of a $5,000 bond which was set on a burglary charge. His trial was scheduled for September 29, 1975. On that date he did not appear and the case was continued to October 1, 1975. The defendant also did not appear on the continued date and the court ordered his bond forfeited. The matter was set for hearing on November 10, 1975.

On October 6, 1975, the clerk of the circuit court notified defendant and his counsel that the defendant's bail had been ordered forfeited, and that judgment would be entered on the forfeiture if defendant failed to appear within 30 days. Defendant was advised in the notice that the hearing would be held on November 10, 1975.

The defendant did not appear by November 10 and on that date the People applied for judgment on the defendant's forfeited bail. The trial court thereupon entered judgment against the defendant in the amount of $5,000 plus costs. The judge further ordered the clerk of the court to apply the cash deposit to the costs and to pay the balance ($392.60) to the State's attorney pursuant to section 110—7 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 110—7).

On January 23, 1976, the defendant appeared in court and pleaded guilty to both the charge of burglary and the charge of violation of his bail

bond and was sentenced to 30 months probation conditioned on his serving the first 90 days in the Kane County jail. At this time the judge also entered an order that the bail be refunded in the name of the defendant's attorney.

On February 10, 1976, defense counsel filed a motion to vacate the order of forfeiture. In the motion counsel stated:

> "Prior Orders of this Court reflect that the parties entered into successful plea negotiations and the Court has heretofore ordered that the bail of said defendant be refunded to Robert A. Chapski, Attorney for said defendant."

In response to the motion the court vacated its October 1, 1975, order revoking bail and directed the clerk to refund the bail to the defendant's attorney, after deducting statutory fees and costs.

On March 10, 1976, the People filed its motion alleging that the trial court lacked jurisdiction to enter its January 23 and February 10 orders because each was entered more than 30 days after the final judgment was entered on defendant's bail forfeiture. The motion also alleged that the court had never vacated its November 10 judgment entered on the forfeiture and that more than 30 days had elapsed since that date. The court denied the motion and this appeal followed.

■■ There is a further suggestion based on the argument on the People's motion that the trial court may have been led to believe that in the plea negotiations prior to the entry of the guilty pleas, the assistant state's attorney present had possibly acquiesced in the bond refund order which had previously been entered. The record does not support this conception however. It is also clear from the record that the matter of the bail forfeiture and judgment was not a part of the defendant's guilty plea and no reference to the bond of defendant appears in the transcript of that hearing. On this record we do not rule on the effect, if any, of these matters if the circumstances had been otherwise.

We agree with the People that the court was without authority to vacate its judgment forfeiting bail. We therefore reverse.

The case is governed by section 110—7(g) of the Code of Criminal Procedure of 1963, which states as pertinent:

> "If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of such order of forfeiture shall be mailed forthwith to the accused at his last known address. If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the court shall enter

judgment * * * *the judgment may be enforced and collected in the same manner as a judgment entered in a civil action."* (Emphasis added.)

No specific procedure is estabished nor is a time specified within which a bail forfeiture under the statute may be set aside.[1] The statute appears to clearly state and intend that if an accused forfeits bail and fails to present himself within an additional 30 days the court shall enter judgment of forfeiture. The statute further clearly provides that the judgment is to be enforced and collected in the same manner as a judgment in a civil action.

■■ It would therefore appear appropriate that the Civil Practice Act be applied and furnish the procedure for setting aside a final judgment of bond forfeiture which must be accomplished within 30 days after the entry of the judgment (Ill. Rev. Stat. 1975, ch. 110, par. 50(5)), except when relief is sought, as it was not here, under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 72). See *Lectro-Stik Co. v. Stepco Corp.*, 19 Ill. App. 3d 900, 902 (1974).

Under the facts before us the trial court lost authority to vacate its final judgment forfeiting bail which was entered on November 10, 1975, after 30 days from that date. The orders entered by the court on January 23 and February 10, 1976, therefore were without authority and void. We therefore reverse the orders dated January 23 and February 10, 1976. In so doing we do not rule on defendant's argument (based upon *People v. Ratliff*, 65 Ill. 2d 314 (1976)) that he did not wilfully violate bail. We remand the cause with directions to grant the People's motion to vacate the unauthorized orders and to thereafter proceed consistent with this opinion.

Reversed and remanded.

RECHENMACHER, P. J., and NASH, J., concur.

---

[1] Prior to 1963 the Illinois bail forfeiture statute (Ill. Rev. Stat. 1955, ch. 38, par. 625f) provided that a court on the basis of cause set forth, could set aside a judgment forfeiting bail within 15 months from its entry. This provision has since been repealed. See Cumulative Annual Pocket Part, Ill. Ann. Stat., ch. 16, pars. 24—41 (Smith-Hurd 1974).