THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* BILLY JOE MONTAIGNE, Defendant-Appellee.

Second District   No. 79-333

Opinion filed July 14, 1980.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Jan Tuckerman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mary Robinson, of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

The State appeals an order of the circuit court of the Sixteenth Judicial Circuit, Kane County, vacating a bond forfeiture judgment previously entered against defendant, Billy Joe Montaigne. The State asserts that the circuit court lacked authority to vacate the judgment 116 days after its entry. Defendant replies that the law makes no provision for the State to appeal the vacation of a bond forfeiture.

On October 25, 1978, an information was filed charging defendant with criminal damage to property over $150. (Ill. Rev. Stat. 1977, ch. 38, par. 21—1(a).) Bail was set at $3,500, and defendant was released on personal recognizance. At a subsequent hearing the public defender was appointed and the preliminary hearing was continued to November 22, 1978. Defendant did not appear at that hearing and on November 28, 1978, an order of forfeiture was entered pursuant to sections 110—7 and 110—8 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, pars. 110—7, 110—8). Notice of that order was mailed to defendant the following day. On January 4, 1979, the State, representing that defendant had failed to appear as required within 30 days of the order of forfeiture, applied for a judgment forfeiting the bond, and the circuit court entered judgment as prayed for.

Defendant was thereafter apprehended, and on May 2, 1979, pleaded guilty to criminal damage to property under $150. Sentence was

adjudged, and defendant was informed of his right to appeal. Defendant then moved to vacate the bond forfeiture judgment. In support of that motion, he informed the court that he had been held in custody from November 4 to 15, 1978, on an unrelated criminal damage to property charge and that he believed he had been told by one of the guards at the time of his release that the instant case had been dismissed. Defendant denied receiving notice of the November 29, 1978, bond forfeiture order. The trial court thereupon granted defendant's motion to vacate, and the State brought this appeal.

■■■ We turn first to defendant's contention that the trial court's order is one from which the State may not bring an appeal. Defendant asserts that the State may appeal in criminal cases only as provided for in Supreme Court Rule 604(a). (Ill. Rev. Stat. 1979, ch. 110A, par. 604(a).) Rule 604(a) does not authorize the State to appeal orders vacating bond forfeiture judgments, and it has been established that the State may not appeal in a criminal case where no provision for an appeal is made by that rule. (See generally *People v. Young* (1979), 76 Ill. App. 3d 210.) We conclude, however, that a bond forfeiture proceeding is not a "criminal case" within the meaning of Rule 604(a) for purposes of determining the State's right to appeal. The statute which provided for entry of the instant bond forfeiture judgment (Ill. Rev. Stat. 1977, ch. 38, par. 110—7(g)) also provided for enforcement and collection of such judgments in the same manner as in civil cases, and we have previously found it appropriate to apply the Civil Practice Act to a proceeding to vacate a bond forfeiture. (*People v. Canaccini* (1977), 52 Ill. App. 3d 811, 814.) Inasmuch as the essence of such a proceeding is the entry of a civil judgment on a bond (*People v. Woollums* (1978), 63 Ill. App. 3d 602, 606), the right of appeal in such matters should be available to the State as in civil cases. We therefore hold that the instant appeal may properly be maintained.

■■ With respect to the merits, we agree with the State that the bond forfeiture judgment of January 4, 1979, was a final order and that the trial court lost authority to vacate that judgment after 30 days from its entry. Accordingly, the order vacating the judgment is void and must be reversed. *People v. Canaccini* (1977), 52 Ill. App. 3d 811, 813.

The order of the circuit court of the Sixteenth Judicial Circuit, Kane County, entered May 2, 1979, vacating the bond forfeiture judgment order entered January 4, 1979, is reversed and vacated, and the bond forfeiture judgment order entered January 4, 1979, against the defendant Billy Joe Montaigne in the amount of $3,500 and costs is reinstated.

Reversed.

UNVERZAGT and LINDBERG, JJ., concur.