THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LENA "MARIE" WILSON et al., Defendants (James D. Reynolds and Associates, Appellee).

Third District   Nos. 3—89—0199, 3—89—0498 cons.

Opinion filed June 5, 1990.

Kevin W. Lyons, State's Attorney, of Peoria (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Edward Murphy, of Reynolds, Murphy & Associates, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The State appeals the trial court's order vacating bond forfeiture judgments entered against the defendants, Lena "Marie" Wilson and Joe Marks. The court vacated the bond forfeiture judgments so it could use the money for victim restitution and attorney fees.

The State also appeals the trial court's subsequent order disbursing the $16,000 in bond money. Both appeals are consolidated in this decision.

The record shows that the defendants were each charged with conspiracy and two counts of theft (Ill. Rev. Stat. 1987, ch. 38, pars. 8—2, 16—1(b)). Both of the defendants posted cash bonds and assigned their rights in the bonds to their legal counsel, the law firm of James D. Reynolds & Associates, which is the appellee in this appeal. When the defendants failed to appear at their arraignment, the State requested that the bonds be forfeited (Ill. Rev. Stat. 1987, ch. 38, par. 110—7(g)). The trial judge granted the State's request and ordered the bonds forfeited.

A forfeiture hearing was subsequently held for each of the defendants. When Wilson failed to appear at her hearing, the trial court entered judgment on her bond forfeiture. Prior to the entry of the judgment, one of the appellee's attorneys asked the court if there was any way to preserve the firm's interest in the bond. The trial court noted that there was no longer any interest to protect since the bond had already been ordered forfeited. The trial court also entered a forfeiture judgment against Marks when he failed to appear at his hearing.

The appellee then filed an attorney's lien against Wilson's personal property "being held in the control of the People of the State of Illinois." Notice of the lien was served upon an assistant State's Attorney and upon Frank Walter of the Illinois State Police. No lien was filed against Marks' property.

The defendants were subsequently tried *in absentia*. The jury found Wilson guilty of conspiracy and two counts of theft. Marks was found guilty only of conspiracy.

Following the trial, the appellee filed a petition for attorney fees in the amount of $50,000. The petition alleged that each of the defendants had agreed to pay the law firm a $25,000 retainer to defend the case. In support of its petition, the appellee relied upon section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 115—4.1), which states that when a defendant has been tried *in absentia*, the trial court may order the clerk of the circuit court to pay counsel such sum as it deems reasonable from any bond money posted by the defendant. In its response, the State argued that the court was without jurisdiction to hear the petition, since the bonds had already been ordered forfeited. The State further contended that the trial court had lost any authority to vacate the forfeiture orders, since neither the defendants nor the appellee had objected to them and 30 days had passed since their entry.

At the hearing on the petition, the appellee argued that its attorney's lien acted as a motion to vacate pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). The State argued that the filing of an attorney's lien did not alter the general rule that a forfeiture judgment is final 30 days after its entry. Further, the State noted that the lien was filed only with respect to Wilson's personal property being held by the State and did not include her bond money. The State also noted that the lien did not even mention Marks. The appellee replied that "personal property" included the cash bond and asked the court to allow it to amend its lien to include Marks' bond as well.

The trial court found that it had made a mistake in failing to preserve the defendants' bond money for restitution and attorney fees and issued a writ of error *coram nobis* to correct its mistake. In setting aside the forfeiture judgments, it noted that the procedure for awarding attorney fees, as set forth in section 115–4.1 of the Code of Criminal Procedure, superseded the forfeiture provisions of section 110–7(g). Accordingly, it awarded the appellee a total of $4,500 in attorney fees, which came from both of the defendants' bonds. It also awarded the victim $11,500 in restitution from the bond money.

On appeal, the State argues that the trial court was without jurisdiction to set aside the bond forfeitures. It further argues that even if the trial court had jurisdiction, it abused its discretion in vacating the forfeiture orders.

■■ ■ It is well settled that a trial court loses authority to vacate an order of forfeiture 30 days after entry of that order. *(People v. Montaigne* (1980), 86 Ill. App. 3d 220, 407 N.E.2d 1107.) In the instant case, the record reveals that 30 days had passed since the entry of the forfeiture orders and that neither the defendants nor the appellee had objected to their entry within that time. Therefore, the trial court was without jurisdiction to vacate those orders.

■■ The appellee nonetheless argues that its attorney's lien acted as a motion to vacate pursuant to section 2–1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2–1401), which provides for relief from both criminal and civil judgments after 30 days from the entry of the judgments. We note that to obtain relief under section 2–1401, the moving party must demonstrate that a meritorious defense or claim exists; that he used due diligence in presenting this defense or claim in the original action; that through no fault or negligence on his part, an error of fact or a valid defense or claim was not presented to the trial court when the challenged judgment was entered; and that he used due diligence in filing the 2–1401 petition. *Schmidt v. Siegal Trading Co.* (1979), 72 Ill. App. 3d 611, 391 N.E.2d 32.

■■ Based upon our review of the appellee's petition, we are unable to find that it meets the requirements of section 2–1401. The appellee failed to allege that it had a meritorious defense and that it exercised due diligence in filing the petition. Moreover, it failed to allege that through no fault of its own, an error of fact or a valid claim was not presented to the trial court when the forfeiture judgments were entered. Because these requirements were not met, the trial court was without jurisdiction to vacate the forfeiture orders un-

der section 2—1401. (*Lurie Co. v. Teichner* (1978), 63 Ill. App. 3d 950, 380 N.E.2d 959.) Accordingly, we find that the court did not have jurisdiction to vacate its forfeiture orders.

The judgment of the circuit court of Peoria County is reversed.

Reversed.

HEIPLE, P.J., and BARRY, J., concur.