# Illinois Official Reports

## Appellate Court

---

### *People v. Higuera*, 2019 IL App (3d) 180730

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. FERNANDO HIGUERA JR., Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-18-0730 |
| Filed | July 3, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, Nos. 14-TR-11353, 14-TR-11354; the Hon. Theodore J. Jarz, Judge, presiding. |
| Judgment | Vacated. |
| Counsel on Appeal | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>No brief filed for appellee. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion.<br>Justices Holdridge and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1     The State appeals following the trial court's vacatur of a judgment entered on the forfeiture of defendant's bond. It argues that the court was without jurisdiction to vacate the more than three-year-old judgment. We agree and vacate the trial court's order as void.

## I. BACKGROUND

¶ 2

¶ 3     Defendant, Fernando Higuera Jr., pled guilty to driving while license suspended (625 ILCS 5/6-303 (West 2014)) on August 12, 2014. Defendant subsequently failed to appear at his sentencing hearing on October 28, 2014. The trial court ordered the forfeiture of defendant's bond as well as a bench warrant. The circuit clerk sent a notice to defendant, informing him that his bond of $1500 had been ordered forfeited and that the forfeiture would be vacated if he appeared within 30 days and showed good cause why judgment should not be entered on the forfeiture. At a hearing on December 9, 2014, the trial court ordered that judgment be entered on the forfeiture of defendant's bond.

¶ 4     Defendant was arrested on July 24, 2018, and appeared in court on September 20, 2018. At that hearing, defense counsel asked the court to vacate the 2014 bond forfeiture. The State objected, insisting that the court was without jurisdiction to do so. The court disagreed, asserting that until a final sentencing order was issued in defendant's 2014 criminal case, it retained jurisdiction. In the ensuing sentencing order, the court wrote, "vacate all bond forfeitures." The State filed a motion to reconsider, again arguing that the court lacked jurisdiction. The court denied the motion, and the State appeals.

## II. ANALYSIS

¶ 5

¶ 6     Section 110-7(g) of the Code of Criminal Procedure of 1963 provides the authority for the forfeiture of a defendant's bond:

> "(g) If the accused does not comply with the conditions of the bail bond the court having jurisdiction shall enter an order declaring the bail to be forfeited. Notice of such order of forfeiture shall be mailed forthwith to the accused at his last known address. If the accused does not appear and surrender to the court having jurisdiction within 30 days from the date of the forfeiture or within such period satisfy the court that appearance and surrender by the accused is impossible and without his fault the court shall enter judgment for the State ***. *** The balance of the judgment may be enforced and collected in the same manner as a judgment entered in a civil action." 725 ILCS 5/110-7(g) (West 2014).

It is well-settled that a bond forfeiture judgment under the above section is a civil judgment. *People v. Taylor*, 2013 IL App (2d) 110577, ¶ 26. Accordingly, it is the Code of Civil Procedure (Code) (735 ILCS 5/1-101 *et seq.* (West 2016)) that "furnish[es] the procedure for setting aside a final judgment of bond forfeiture which must be accomplished within 30 days after the entry of the judgment." *People v. Canaccini*, 52 Ill. App. 3d 811, 814 (1977).

¶ 7     Because bond forfeiture and entry of judgment on that forfeiture are distinct civil proceedings, such a judgment constitutes a final order independent of any sentencing order in the contemporaneous criminal proceedings. See *People v. Montaigne*, 86 Ill. App. 3d 220, 222 (1980). In a case nearly identical to the one presently before us, the *Montaigne* court concluded:

"[T]he bond forfeiture judgment of January 4, 1979, was a final order and *** the trial court lost authority to vacate that judgment after 30 days from its entry. Accordingly, the order vacating the judgment is void and must be reversed." *Id.*

¶ 8 The sole authority for attacking a civil judgment more than 30 days from its entry is found in section 2-1401 of the Code. 735 ILCS 5/2-1401 (West 2016). Defense counsel's oral request for the vacatur of the 2014 bond forfeiture cannot be construed as a section 2-1401 petition. Indeed, the judgment on the bond forfeiture had been entered more than three years earlier, and was thus outside of the two-year window contemplated by section 2-1401. See *id.* § 2-1401(c). To attack a judgment outside of that window, a petitioner must demonstrate disability or duress, fraudulent concealment, or voidness of the original judgment. *E.g.*, *People v. Walker*, 2018 IL App (3d) 150527, ¶ 32. Defendant made no such showings here.

¶ 9 Accordingly, we find that the trial court was without jurisdiction to vacate its previous forfeiture order. See *People v. Wilson*, 198 Ill. App. 3d 555, 559 (1990). We vacate that void order.

¶ 10                                                   III. CONCLUSION
¶ 11 The judgment of the circuit court of Will County is vacated.

¶ 12 Vacated.