2022 IL App (2d) 210524-U
Nos. 2-21-0524 & 2-21-0525 cons.
Order filed September 28, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 21-CC-12, 21-CC-13 |
| RAJ G. SHEKAR a/k/a Roger Shekar, | ) ) | Honorable Daniel P. Guerin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justice McLaren concurred in the judgment.
Presiding Justice Brennan dissented.

**ORDER**

¶ 1   *Held*: The trial court's imposition of bond conditions, in combination with a prior administrative order preventing defendant from future filings without written approval of the presiding judge of the Du Page County Law Division, improperly enjoined him from filing pleadings in defense of his prosecution for indirect criminal contempt.

¶ 2   Defendant, Roger Shekar, was charged with indirect criminal contempt for alleged violations of an administrative order prohibiting him from filing any new pleadings without express written approval of the presiding judge of the Du Page County Law Division. Following defendant's arrest, the trial court imposed certain bond conditions in addition to the prohibitions

contained in the administrative order. Defendant subsequently attempted to file a *pro se* motion to substitute judge as of right pursuant to 725 ILCS 5/114-5(a) and a petition to transfer venue. Defendant's attempts were denied, and he filed a notice of appeal leading to the matter before this court. We vacate in part, and remand for further proceedings.

¶ 3                                              I. BACKGROUND

¶ 4       On February 26, 2021, the Du Page County trial court issued administrative order 21-8 that found defendant had "filed a complaint on December 30, 2019, case number 19-L-1445, with said complaint containing language that is patently offensive, harassing and not included for any proper purpose[.]" The administrative order further found that defendant's had "filed a complaint on February 11, 2021, case number 21-L-184, with said complaint containing language that is patently offensive, harassing and not included for any proper purpose[.]" As a result, the administrative order found that "restraints must be imposed upon [defendant's] ability to file any new civil cases or any other documents relating to any currently pending cases in [Du Page County]." It was ordered that defendant, on his own behalf or on the behalf of any other person or entity, be "prohibited and enjoined from filing any new complaints or any other documents relating to any currently pending cases in [Du Page County] without the express written approval of the Presiding Judge of the Law Division."

¶ 5       On May 20, 2021, the trial court entered an administrative order amending the February 26, 2021, order. The amended administrative order found that defendant had "sent emails to employees of the Clerk of the Circuit Court that contain language that is patently offensive, harassing and not included for any proper purpose[.]" The amended order, in addition to the existing prohibitions of the February 26 order, "prohibited and enjoined [defendant] from sending emails to any employee or staff member of the Circuit Clerk's Office." Defendant was ordered to

"direct any email correspondence for the Circuit Clerk's Office directly to the Clerk of the Circuit Court, Candace Adams[.]"

¶ 6    On August 5, 2021, a misdemeanor complaint for indirect criminal contempt of court in violation 720 ILCS 5/1-3 was filed against defendant under case number 21-CC-13. The complaint alleged that defendant

> "[K]nowingly and without authority directly emailed Circuit Court Clerk Employee, Sarah Rose, directly in violation with [the amended administrative order], using language that was patently offensive, harassing, not included for any proper purpose, and specifically directed at Sarah Rose. In this email, he also included her home address and stated he would include her home address in papers filed in the Cook County Circuit Clerk's Office, contrary to the form of the statute in such case made and provided and against the peace and dignity of the People of the State of Illinois."

Also on August 5, 2021, an arrest warrant for defendant was issued by the trial court.

¶ 7    On August 9, 2021, the trial court issued an order quashing the arrest warrant issued on case number 21-CC-13. However, the trial court then issued an arrest warrant for defendant on case number 21-CC-12 for three counts of indirect criminal contempt based on three separate emails sent by defendant in alleged violation of the amended administrative order. The new arrest warrant, issued by Judge Michael Reidy, specified that the amount of defendant's bond would be set in court. Case number 21-CC-12 was then assigned to Judge Daniel Guerin.

¶ 8    On August 11, 2021, defendant was arrested and brought before Judge Guerin for a bond hearing. At the hearing, the State indicated it would proceed on the three-count complaint for indirect criminal contempt (21-CC-12) and would seek a sentence of up to 180 days in jail. Defendant was not represented by an attorney at the bond hearing. The trial court advised

defendant of his rights but informed defendant that he would have no right to a jury trial as the State was seeking only 180 days of jail time for the three counts of indirect criminal contempt. Defendant's request to be released on his own recognizance was denied by the trial court. A public defender was appointed for only the purpose of assisting defendant with the remainder of the bond hearing. A $5000 bond (with ten percent to apply, $500) was ordered. As a condition of bond, the trial court issued a "no contact order to include direct and indirect contact, including and through email, social media or a third party" with "any employee [of the] Du Page County Clerk's Office until further order of court."

¶ 9     Later, on August 11, 2021, defendant was again called before Judge Guerin following his wife's attempt to post the requisite $500 to secure his release. The attempt had failed due to an error with the bond being entered on case 21-CC-13. The State indicated that it wished for the trial court to enter a recognizance bond on case 21-CC-13 and further indicated that it would dismiss 21-CC-13 on August 13, 2021. The State then requested the trial court enter the conditional bond order on case 21-CC-12. The trial court entered amended orders in each case number. Defendant's appointed public defender was discharged from the matter following the bond hearing, returning his status to *pro se*. The trial court advised defendant that he should appear on August 13, 2021, to raise his arguments concerning the underlying charges against him, but defendant asked for 30 days to obtain counsel. The matter was continued to September 28, 2021, and defendant was admonished in open court that the conditions of bond requiring no contact with the clerk's office would remain in effect. Defendant indicated that he understood the conditions of the trial court's admonishment and he was released on bond after posting $500 on case number 21-CC-12.

¶ 10     On August 16, 2021, defendant attempted to file a motion for substitution of judge as of right pursuant to 725 ILCS 5/114-5, as well as a petition to transfer of venue to Cook County.

Defendant submitted the motion to substitute judge at 8:56 a.m. on August 16, 2021. At 10:05 a.m. on August 16, an email was sent to defendant indicating that all filings had to be submitted to the presiding judge of the Law Division, Judge Robert Kleeman, per administrative order 21-8, dated July 6, 2021.[1]

¶ 11    On September 3, 2021, defendant filed a "motion seeking leave to file notice of appeal before Robert Kleeman." The motion recounted defendant's inability to file his motion for substitution of judge and petition to transfer venue. The September 3 motion additionally contained a three-page "Notice of Appeal as of Right Pursuant to Rule 307(a)(1); and Pursuant to Rule 304." Defendant's notice of appeal sought to challenge the bond condition that prevented his contact with the circuit clerk as it prevented his ability to file documents in his own defense to the charges of indirect criminal contempt. On September 8, 2021, the circuit clerk of Du Page County file-stamped the notice of appeal in both cases 21-CC-12 and 21-CC-13 as the case numbers giving rise to this appeal.

¶ 12    Defendant appeared *pro se* before Judge Guerin on September 28, 2021, whereupon he informed the court that he had not yet obtained counsel. The State informed the trial court of defendant's pending appeal. The trial court appointed the Office of the State Appellate Defender to represent defendant, and the case was continued pending the resolution of this appeal.

¶ 13    Defendant then timely filed this appeal.

¶ 14                                II. ANALYSIS

---

[1] The record presented to this court does not contain an amended administrative order dated July 6, 2021. Defendant asserted through affidavit that he was unaware of any such order.

¶ 15    Before analyzing the issues raised by defendant in this appeal, we must first address the State's renewed objection to this court's jurisdiction. The State renewed its objection to defendant's contention that jurisdiction lies in Rule 604(c) as he did not perfect his appeal by first filing a written motion for relief in the trial court, and on appeal filed a formal brief instead of a motion for review. See IL. S. Ct. R. 604(c)(1), (2) (eff. July 1, 2017).

¶ 16    Defendant's appellate counsel filed its opening brief to this court on January 28, 2022. Appellate counsel asserted that jurisdiction lies in this court pursuant to Article VI, Section 6, of the Illinois Constitution, as well as Supreme Court Rules 603, 604(c), and 606. On March 10, 2022, the State filed a motion to dismiss defendant's appeal for lack of jurisdiction, asserting that defendant failed to perfect his appeal as required by Rule 604(c)(1). Defendant's counsel filed an objection to the State's motion arguing that the amended administrative order, in combination with the bond order forbidding defendant from any contact with the circuit clerk, made it impossible for him to file a motion in the trial court as required by Rule 604(c). However, defendant argued, his appellate brief, coupled with the record on appeal, contained all information that a verified motion for review under Rule 604(c)(2) would require. This court denied the State's motion to dismiss.

¶ 17    As discussed above, the bond conditions defendant is challenging in this appeal forbid him from filing any pleadings, including those related to his defense in the prosecution of indirect criminal contempt. Had he attempted to file a Rule 604(c) motion in the trial court, he would have been prevented from doing so, and potentially found to be in violation of the ordered bond conditions.

¶ 18    Illinois Supreme Court Rule 604(c)(1) (eff. July 1, 2017) provides in pertinent part:

"Before conviction a defendant may appeal to the Appellate Court from an order *** denying *** bail or the conditions thereof. As a prerequisite to appeal the defendant shall first present to the trial court a written motion for the relief to be sought on appeal. The motion shall be verified by the defendant and shall state the following:

(i) the defendant's financial condition;

(ii) his *** residence addresses and employment history for the past 10 years;

(iii) his *** occupation and the name and address of his *** employer, if he *** is employed, or his *** school, if he *** is in school;

(iv) his *** family situation; and

(v) any prior criminal record and any other relevant facts."

At the August 11, 2021, bond hearing, defendant's appointed counsel informed the trial court that defendant

"[D]oes live in Streamwood with his family, his wife and two kids, ages 18 and 20. His wife is a teacher by trade but unemployed during the pandemic. [Defendant] has also been unemployed and existing on unemployment insurance throughout the course of the pandemic. He is an engineer by training.

His family is in debt. He doesn't have much in his bank account that he would be able to post for bond. He thought it was about $25. He does have a car that is [an] older model but is paid off so he would be [able] to get back and forth to court. I am unaware of any history of failure to appear in court, so I don't believe that would be an issue."

Paragraph 12 of defendant's motion to substitute judge as of right states that he "has no history of any kind of a crime." The conditions of defendant's bond made any attempt to file a motion under

Rule 604(c) in the trial court an act of futility. However, the information required by Rule 604(c) was presented and known to the trial court.

¶ 19    Illinois Supreme Court Rule 604(c)(2) (eff. July 1, 2017) provides in pertinent part:

"The appeal may be taken at any time before conviction by filing a verified motion for review in the Appellate Court. The motion for review shall be accompanied by a verified copy of the motion or answer filed in the trial court and shall state the following:

(i) the court that entered the order;

(ii) the date of the order;

(iii) the crime or crimes charged;

(iv) the amount and condition of bail;

(v) the arguments supporting the motion; and

(vi) the relief sought.

No brief shall be filed. The motion shall be served upon the opposing party. The State may promptly file an answer."

¶ 20    The most significant characteristic of Rule 604(c) "is the manner in which the record of what transpired in the court below arrives in this court." *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 3. In a Rule 604(c) appeal, a reviewing court "must rely upon the limited materials listed in the rule and provided by counsel, along with an uncertified transcript of the hearing on the defendant's motion to set his bail. The rule does not otherwise address what, if any, materials from the court below a party may provide or this court may consider." *Id.*

¶ 21    This court was made aware that the present appeal concerned the conditions of a bond order when we granted defendant's motion for an extension of time to file his opening brief. Upon the filing of that brief, this court and the State were made aware of all information required in a verified

motion for review under Rule 604(c)(2). Based on the unique nature of defendant's bond conditions that reduced the motion requirements of Rule 604(c) in the trial court to an act of futility, we hold that this court has jurisdiction under Rule 604(c), and this court further continues to deny the State's request to dismiss this appeal on jurisdictional grounds.

¶ 22    The dissent cites to *People v. Albitar*, 374 Ill. App. 3d 718 (2007), to support the notion that defendant's failure to present to the trial court a written motion for the relief sought in this appeal was a "prerequisite" to this court's jurisdiction. However, the procedural posture of *Albitar* is distinguishable from the case-at-bar.

¶ 23    In *Albitar*, the defendant in the underlying case had been arrested, charged, and convicted of unlawful use of a weapon. *Albitar*, 374 Ill. App. 3d at 720. Subsequently, the defendant was charged with murder, conspiracy to commit murder, conspiracy to commit armed robbery, and conspiracy to commit aggravated kidnapping. *Id*. The trial court set bail for the defendant, 10% of which was paid by his brother as surety on the defendant's behalf. Sometime later, the Immigration and Naturalization Service deported the defendant due to his conviction for unlawful use of a weapon. *Id*. As a result, he failed to appear for subsequent proceedings related to the most-recent slew of criminal charges, and the trial court issued a "no bail" arrest warrant for the defendant. *Id*.

¶ 24    The trial court ultimately entered a bond forfeiture before the defendant's counsel filed a motion for entry of cash refund to surety. *Id*. The motion alleged that because of the defendant's deportation, his brother and surety could not comply with the bond conditions. *Id*. The trial court denied the motion and the defendant appealed. *Id*.

¶ 25    On appeal, the State sought dismissal for lack of jurisdiction under Rule 604(c), arguing that the defendant's brother and surety failed to comply with the Rule because he "simply filed a brief" rather than "a verified motion for review." *Id*. at 721. The *Albitar* court found jurisdiction

was warranted because the underlying bond forfeiture judgment "was civil rather than criminal in nature," and, thus, not subject to the requirements of Rule 604(c). *Id.* at 722. Additionally, the court reasoned that Rule 604(c) was inapplicable because the bond forfeiture judgment order did not "set, modify, revoke, deny, or refuse to modify bail or a condition thereof." *Id.* The *Albitar* court held that the bond forfeiture judgment on appeal qualified as a final and appealable order over which it had appellate jurisdiction. *Id*. at 722-23.

¶ 26    Returning to the present appeal, the trial court's bond conditions imposed an unconstitutional conundrum on defendant not contemplated in *Albitar* or any other case dealing with the prerequisites to appellate jurisdiction contemplated by Rule 604(c). Defendant in the present case was actively defending against charges of indirect criminal contempt, a matter unlike the civil-in-nature bond forfeiture at issue in *Alibtar*. The trial court's bond conditions put in place an unduly burdensome obstacle to defendant's ability to appeal those conditions by prohibiting him from filing any documents without permission. Our appellate jurisdiction cannot be hindered by such an unconstitutional order, especially when the record presented for review fully apprised this court of the nature of the issues presented.

¶ 27    Assuming arguendo that the dissent's interpretation is reasonable, we must interpret the rule in such a way as to preserve its constitutionality. We have interpreted the rule to provide the necessary procedural due process to appeal unreasonable conditions for bail in a criminal proceeding. The majority's position on jurisdiction preserves defendant's right to procedural due process in a criminal proceeding, a right that the judiciary cannot abridge.

¶ 28    Before concluding our review of this court's jurisdiction over the matter, we must address the dissent's criticism of the majority's assertion that requiring defendant to seek permission before filing a motion to substitute judge as of right would amount to an exercise in futility. The dissent

states that the record belies such a position because defendant could have "utilize[d] the email to file the substitution-of-judge motion, as explicitly directed" after attempting to electronically file his timely motion in contravention of the administrative order 21-8 and the imposed bond conditions. Defendant could have done what the dissent suggests and await either approval or denial from the Presiding Judge of the Law Division. However, as our forthcoming analysis will illustrate, defendant could not be constitutionally prevented from filing documents in his own defense against the charges of indirect criminal contempt. Once the State elected to charge him with a criminal offense, the prohibitions of the administrative order and bond conditions could not act to prevent him from exercising his rights under the sixth amendment to the United States Constitution. Permission from the Presiding Judge of Du Page County's Law Division cannot act as an obstacle to that right, "explicitly directed" or otherwise.

¶ 29    We now move to defendant's contentions in this appeal. Defendant contends that the bond conditions ordered by the trial court on August 11, 2021, in combination with amended administrative order 21-8, improperly enjoins him from filing pleadings in his defense to the prosecution for indirect criminal contempt. Defendant argues that the bond conditions extend beyond the amended administrative order and create an unconstitutional violation of his fundamental right to defend himself against a criminal charge. Defendant requests that this court modify the conditions of his bond to permit him to file pleadings in his defense, as he remains a *pro se* defendant. Additionally, defendant requests that this court direct the underlying case to be assigned to a different judge on remand to the trial court as his motion to substitute judge as of right was timely filed on August 16, 2021. Finally, he requests this court to order that case 21-CC-13 be dismissed due to its one count being duplicative of one of the three counts charged in case 21-CC-12.

¶ 30    A trial court's judgment as to setting bond and conditions of bond is generally reviewed for an abuse of discretion. *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 8. However, a trial court must exercise its discretion within the bounds of the law. *People v. Williams*, 188 Ill. 2d 365, 369 (1999). Where a trial court's exercise of discretion is frustrated by an erroneous rule of law, the reviewing court must require the exercise of discretion consistent with the law. *Williams*, 188 Ill. 2d at 369. Further, where the question is one of law, the reviewing court determines it *de novo*. *Id*. Here, because the issue is whether the trial court's ordered conditions of bond created an unconstitutional violation of defendant's right to defend against a criminal charge, we apply *de novo* review. See *People v. Patel*, 2020 IL App (2d) 190532, ¶ 22.

¶ 31    It is well established that the sixth amendment to the United States Constitution guarantees a defendant in a criminal proceeding both the right to the assistance of counsel and the correlative right to proceed without counsel. *People v. Haynes*, 174 Ill. 2d 204, 235 (1996) (citing *Faretta v. California*, 422 U.S. 806, 833-34 (1975)). The right of self-representation is "as basic and fundamental as [the] right to be represented by counsel." *Haynes*, 174 Ill. 2d at 235 (quoting *People v. Nelson*, 47 Ill. 2d 570, 574 (1971)).

¶ 32    An indirect criminal contempt proceeding is a separate and distinct proceeding from that which underlies the contempt charge. *Windy City Limousine Company LLC v. Milazzo*, 2018 IL App (1st) 162827, ¶ 46. A person charged with indirect criminal contempt is entitled to constitutional protections and procedural rights to that of a criminal defendant. *Id*. "The protections and rights include (1) being charged by a written petition, complaint, or information; (2) being informed of the nature of the charges; (3) personal service; (4) the ability to file an answer; (5) a public trial where he or she has the ability to present evidence, subpoena witnesses, and confront and cross-examine witnesses; (6) the privilege against self-incrimination; (7) the presumption of

innocence; and (8) the requirement of proof beyond a reasonable doubt." *Id*. Additionally, the defendant charged with indirect criminal contempt is entitled to a jury trial if the potential penalty could exceed six months' imprisonment or a $500 fine. *Id*.

¶ 33 Following the conclusion of the August 11, 2021, bond hearing, defendant was *pro se* and representing himself in a proceeding for indirect criminal contempt as his appointed counsel was only representing him for the limited purpose of that hearing. As a result, defendant was entitled all constitutional protections and procedural rights that any criminal defendant should expect, including the right to file a motion for substitution of judge as of right.

¶ 34 Section 114-5(a) of the Code of Criminal Procedure provides as follows:

"Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The defendant may name only one judge as prejudiced, pursuant to this subsection; provided, however, that in a case in which the offense charged is a Class X felony or may be punished by death or life imprisonment, the defendant may name two judges as prejudiced." 725 ILCS 5/114-5(a) (West 2020).

A substitution of judge as a matter of right is available to a defendant in a criminal contempt proceeding. *People v. Perez-Gonzalez*, 2014 IL App (2d) 120946, ¶ 30. Thus, "[p]ursuant to the statute, a defendant must be granted an automatic substitution of judge if the defendant meets the following requirements: (1) the motion is made within 10 days after defendant's case is placed on the judge's trial call; (2) the motion names only one judge unless the defendant is charged with a

Class X felony, in which case he may name two judges; (3) the motion must be in writing; and (4) the motion must allege the trial judge is so prejudiced against the defendant that the defendant cannot receive a fair trial. In addition [the supreme] court has held that the motion must be made before the trial judge makes a substantive ruling in the case." *Bangaly Estate of Sissoko v. Baggiani*, 2017 IL App (1st) 1524454, ¶ 53 (quoting *People v. McDuffee*, 187 Ill. 2d 481, 487-88 (1999)). "If the motion is made within 10 days after the cause has been placed on the judge's call, the named judge cannot proceed further and must transfer the case." *SKS & Associates*, 2012 IL App (1st) 103504, ¶ 21.

¶ 35    Defendant's motion for substitution of judge was made within 10 days of Judge Guerin's assignment to the underlying case. His motion contained all the information required to grant a substitution of judge.

¶ 36    As defendant remains *pro se* as of this writing, the bond order's condition prohibiting him from any contact with the Du Page County Circuit Clerk's office creates an unconstitutional violation to his right to defend himself against prosecution for indirect criminal contempt. As such, we vacate the August 11, 2021, bond order and remand this matter to the trial court to modify defendant's bond conditions in a manner consistent with this disposition. Further, as defendant's attempt to file a motion to substitute judge as of right under section 114-5(a) of the Criminal Code should have been allowed, we order that Judge Guerin be substituted on remand. As to defendant's request that this court order case 21-CC-13 to be dismissed, we decline to take any action as the State has the discretion not only to decide what charges to bring, but to decide whether charges should be dismissed. *People v. Van Schoyck*, 232 Ill. 2d 330, 339 (2009).

¶ 37                                   II. CONCLUSION

¶ 38    For the reasons stated, we vacate the August 11, 2021, bond order entered in the circuit court of Du Page County and remand the matter for further proceedings consistent with this disposition.

¶ 39    Vacated in part, and remanded.

¶ 40    PRESIDING JUSTICE BRENNAN, dissenting:

¶ 41    I respectfully dissent on the basis that this appeal should be dismissed due to defendant's noncompliance with Rule 604(c)(1).

¶ 42    Initially, I question whether we even have jurisdiction to entertain defendant's appeal of his bail conditions given his noncompliance with Rule 604(c)(1).  Other than specifically delineated exceptions set forth in our supreme court rules, this court lacks jurisdiction to entertain appeals in criminal cases until the entry of a final judgment.  Rule 604(c)(1) is the only rule which establishes a right to review interlocutory bail orders, and it sets forth specific procedures for invoking that right.  Ill. S. Ct. R. 604(c)(1) (eff. July 1, 2017) ("appeal to the Appellate Court from an order setting, modifying, revoking, denying, or refusing to modify bail or the conditions thereof."); *Albitar*, 374 Ill. App. 3d at 721.  These procedures include the straightforward requirement that, "As a prerequisite to appeal the defendant shall first present to the trial court a written motion for the relief to be sought on appeal."  (Emphasis added.)  Ill. S. Ct. R. 604(c)(1) (eff. July 1, 2017).  Noting that Rule 604(c)(1)'s jurisdictional grant is an exception to the rule otherwise conditioning jurisdiction on the entry of a final judgment, our sister court in *Albitar* recognized in *dicta* that "this court does not have jurisdiction to review such an interlocutory order when a defendant fails to follow the procedural requirements included in Rule 604(c)."  *Albitar*, 374 Ill. App. 3d at 721. Here there is no question defendant did not file the prerequisite motion with the trial court seeking relief related to the August 11, 2021, bail condition, "No contact of any

kind with * * * ANY EMPLOYEE DUPAGE CO CLERK'S OFC until further order of court * * * NO CONTACT ORDER TO INCLUDE DIRECT AND INDIRECT CONTACT, INCLUDING THROUGH EMAIL[.]" Accordingly, the appeal should be dismissed.

¶ 43    Moreover, even if our jurisdiction is not contingent on the filing of the Rule 604(c)(1) prerequisite motion, the failure to file the motion in the trial court should nevertheless result in dismissal.  See *People v. Beaty*, 351 Ill. App. 3d 717, 721 (2004) (*dicta* agreeing that bail orders were only reviewable under the limited and clearly defined procedures set forth in Rule 604(c)). The majority dispenses with Rule 604(c)(1)'s prerequisite that defendant "first present to the trial court a written motion for the relief to be sought on appeal," suggesting that requiring defendant to do so would amount to an exercise in futility.  This conclusion, however, is belied by the record. Administrative Order 21-08, In the Matter of Roger Shekar, (Administrative Order) prohibits defendant "from filing any new complaints or any other documents relating to any currently pending cases *** without the express written approval of the Presiding Judge of the Law Division."  It further orders that "[a]ll such requests shall be made via email to the Presiding Judge of the Law Division."  The record contains various emails sent to the presiding judge of the Law Division prior to the August 11, 2021, bail order, demonstrating that defendant was well aware of the administrative order directing him to file all pleadings in pending cases with the presiding judge of the Law Division.  Moreover, when defendant electronically filed his timely motion to substitute judge with the circuit court clerk's office on August 16, 2021, in contravention of both the Administrative Order and defendant's bond conditions, he received an electronic response notice several hours later rejecting his electronic filing and directing him that "[p]ursuant to Administrative Order 21-08 ***[,] all filings must be submitted to the Presiding Judge of the Law Division."  The notice also included the presiding judge's email address.

¶ 44    Defendant eschewed this direction, instead emailing the presiding judge of the Law Division twice that day to complain that it was unfair to apply the administrative order to his criminal case filings. What defendant did not do, however, was utilize the email to file the substitution-of-judge motion, as explicitly directed.  Nor did he utilize the email to file a motion to reconsider his bail conditions as required by Rule 604(c)(1).  Why defendant elected not to file the latter motion is unknown.  What is known, however, is that the majority engages in speculation when it concludes that doing so would have been futile.  Equally likely is that a motion to modify defendant's bail conditions, properly filed pursuant to the Administrative Order, would have been considered by the trial court, potentially obviating the need for this interlocutory appeal—the whole point, one supposes, for requiring the prerequisite motion in the first place. To this end, it should be recalled that defendant initiated this very appeal by seeking leave to file his notice of appeal from the presiding judge of the Law Division, after which it was file-stamped by the circuit clerk of Du Page County.

¶ 45    Given defendant's continued pattern of harassing the circuit court clerk's office personnel, it was entirely reasonable to place limitations on the manner in which he filed documents with the clerk's office.  As the State notes, "The right to defend against a criminal charge is not synonymous with unfettered access to the court system."  For the foregoing reasons, I would dismiss the appeal.